(271 S.W.)

## BEBEE v. STATE.  (No. 9328.)

(Court of Criminal Appeals of Texas.  April 1, 1925.  Rehearing Denied April 29, 1925.)

**1. Criminal law ⬅═1097(5)—Exceptions to refusal to charge and to main charge not reviewable in absence of statement of facts.**

Appellate court, in the absence of statement of facts, will not pass upon exceptions to refusal to give requested charges or to exceptions to the main charge, where these instructions turn on the evidence which is not before the court.

**2. Criminal law ⬅═1184—Judgment adjudging accused guilty of "receiving and concealing" will be reformed.**

Where indictment correctly charged the offense of receiving and concealing stolen property of the value of $200, which offense was properly submitted to the jury, which returned a verdict of guilty as charged, a judgment adjudicating accused guilty of the offense of "receiving and concealing," there being no such offense under the law will be reformed so as to adjudge accused guilty of receiving and concealing stolen property of the value of more than $50.

Appeal from Criminal District Court, No. 2, Dallas County; Charles A. Pippen, Judge.

T. H. Bebee was convicted of receiving and concealing stolen property of the value of $200, and he appeals.  Judgment reformed and affirmed.

A. U. Puckitt, of Dallas, for appellant.

Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

HAWKINS, J.  Appellant was convicted of receiving and concealing stolen property of the value of $200, and his punishment fixed at two years in the penitentiary.

No statement of facts appears in the record.  We find no error in the indictment, and appellant's motion to quash same was properly overruled.

[1] Three special charges were requested by appellant, all of which were refused.  No exceptions appear to have been reserved to such refusal.  Numerous exceptions were taken to the court's main charge.  In the absence of a statement of facts we are not able to appraise the force of these exceptions.  They all turn upon the evidence, and this is not before us.

[2] The judgment of the court as contained in the record is erroneous, in that it recites that appellant was adjudged guilty of the offense of "receiving and concealing"; there being no such offense against the laws of this state.  It further appearing to the court that the indictment correctly charges appellant in the second count thereof with the offense of receiving and concealing stolen property of the value of $200, and that said count was properly submitted by the court in his charge to the jury, and that the jury returned a verdict of guilty under said count, the judgment is reformed, finding appellant guilty of receiving and concealing stolen property of the value of more than $50 and that he be confined in the state penitentiary for a period of two years, and as reformed the judgment is ordered affirmed.